IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRANCE WADDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 124-174 |
| | ) |
| DESHAWN JONES, Warden; DR. LEE | ) |
| LAROWE, Medical Director; and KYLE | ) |
| PRICE, Physician, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

Plaintiff names as Defendants: (1) ASMP Warden DeShawn Jones, (2) Medical Director Dr. Lee Larowe, and (3) Dr. Kyle Price. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

After Plaintiff complained for approximately one year about hip, neck, and lower back pain, orthopedic surgeon Dr. Robert Wilson evaluated Plaintiff on December 6, 2022, and

recommended (1) total hip replacement, (2) referral to a spinal specialist, (3) epidural spinal infections for pain, and (4) placement in a medical bed. (Id. at 8.) Plaintiff saw Dr. Wilson again in May 2023 because his earlier recommendations had not resulted in any action. (Id.)

On March 18, 2024, ASMP officials responded to a grievance filed by Plaintiff concerning his lack of treatment and explained:

> Based on documentation from Dr. Larowe, you have an upcoming appointment to see orthopedics for your hip replacement. Your spinal injections are not scheduled yet, but the procedure has been approved. The living area 1 B is allocated based on the severity of the needs of the offender. Egg Crates have been an issue for over a year to order.

(Id. at 6.) On March 26, 2024, Regional Medical Directors DeGerald and Wynne saw Plaintiff and "said it shouldn't have taken more than a couple of months to schedule and perform the hip replacement surgery." (Id. at 8.) By September 2024, none of Dr. Wilson's recommendations had been executed. (Id.)

On numerous occasions since Dr. Wilson issued his recommendations, Plaintiff has spoken to Drs. Larowe and Price concerning his need for the recommended treatment. (Id.) They assured him "everything is in the works" and told him to be patient. (Id.) Concerning the medical bed, they said he was on a waiting list and insufficient quantities required assignment to medical beds based on severity of need. (Id.) Plaintiff's last conversation with Dr. Larowe occurred on July 15, 2024, when she reiterated her commitment to ensuring Plaintiff received the recommended care. (Id. at 9.) Plaintiff also spoke with Defendant Warden Jones, who took pictures of a related grievance filed by Plaintiff and pledged to "take care of it." (Id.)

Plaintiff is in constant pain, has extreme difficulty sleeping despite taking Percocet and Morphine, and experiences pain and difficulty with basic functions including walking,

2

standing, sitting, and dressing himself.  (Id.)  For relief, Plaintiff requests a declaratory judgment, monetary damages, and proper medical care.  (Id. at 10.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated viable claims for medical deliberate indifference against Defendants Jones, Larowe, and Price in their individual capacities.  See McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999); Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (*per curiam*) (collecting cases and explaining a defendant who provides "medical care that is so cursory as to amount to no treatment at all" or "delays necessary treatment for non-medical reasons" may exhibit deliberate indifference).  In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's official capacity claims for monetary damages against all Defendants.

## II.   INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendants Jones, Larowe, and Price.  The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendants waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire

case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants Jones, Larowe, and Price to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it

within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's

5

statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

**While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 4th day of February, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA