IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE WADDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-174 |
| | ) | |
| DESHAWN JONES, Warden; DR. LEE | ) | |
| LAROWE, Medical Director; and KYLE | ) | |
| PRICE, Physician, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Augusta State Medical Prison, commenced this case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. On September 5, 2025, Defendants Larowe and Price filed a motion to dismiss. (Doc. no. 62.) On October 7th, Plaintiff filed a response to Defendants' motion to dismiss, and on October 14th Defendants filed a reply brief. (Doc. nos. 65, 71.) Before the Court are several motions related to Defendants' motion to dismiss, (doc. nos. 74, 75, 78), Plaintiff's motion to appoint counsel, (doc. no. 76), and Plaintiff's motion to compel discovery and motion for sanctions, (doc. no. 64).[1]

**I.     MOTIONS RELATED TO DEFENDANTS' MOTION TO DISMISS**

The Court **DENIES** as **MOOT** Plaintiff's motion for an extension of time for Plaintiff to respond to Defendants Larowe and Price's motion to dismiss. (Doc. no. 74.) Plaintiff has

---
[1] The Court will address Defendants motions for extension of time to file dispositive motions by simultaneously entered revised scheduling notice. (Doc. nos. 82, 83.)

since filed a motion to set aside third-party release, which substantively opposes Defendant's motion to dismiss, (doc. no. 75), and a second response in opposition to the motion to dismiss, (doc. no. 81). The Court liberally construes both filings as surreplies and accepts both of Plaintiff's filings for consideration.[2] Plaintiff's motion to set aside third-party release reiterates some arguments but also requests additional time to respond to Defendants' motion to dismiss, explaining he had requested the prison mail records to show he was never served the relevant opt-out paperwork supporting Defendants' motion to dismiss. (Doc. no. 75.) However, Plaintiff ultimately provided the prison mail records in his second response in opposition to Defendants' motion to dismiss, rendering his earlier extension request moot. (Doc. no. 81.)

As such, the Court **DENIES** Defendants Larowe and Price's motion to strike but **GRANTS** the alternative request for additional time to respond. (Doc. no. 78.) Defendants have fourteen days from the date of this order to respond to both Plaintiff's motion to set aside and his response in opposition to Defendants' motion to dismiss. (Doc. nos. 75, 81.)

II. **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for the appointment of counsel, arguing the case "involves complex Eighth Amendment deliberate indifference claims requiring expert medical testimony that Plaintiff, an indigent prisoner, cannot afford to obtain or present." (Doc. no. 76, p. 1.)

---

[2] Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*) (explaining a court "must sometimes look beyond the labels used in a *pro se* party's [motion] and focus on the content and substance of the allegations").

As the Court has previously explained, (doc. no. 25), there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues). The existence of exceptional circumstances is determined by consideration of:

> (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

Watkins v. Broward Sheriff's Office, 771 F. App'x 902, 906 (11th Cir. 2019) (*per curiam*) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) and Smith, 713 F.3d at 1065 n.11).

Upon consideration of these factors, appointment of counsel is not warranted. Plaintiff fails to show exceptional circumstances exist to justify appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). At bottom, the case is a straightforward deliberate indifference case, though the facts involve medical diagnoses and symptoms. Plaintiff has shown an ability to communicate with the Court when submitting factually and legally detailed arguments in his complaint, motions, and other declarations. (See, e.g., doc. nos. 1, 16, 26, 44, 47-48, 65, 74-77, 81.)

Moreover, while Plaintiff argues his incarceration creates difficulty for Plaintiff to investigate his case, he has demonstrated an ability to procure and provide evidence to the

Court for consideration, as evidenced by the prison mail room records Plaintiff provided as evidence he was not served with the bankruptcy opt-out paperwork. (See doc. no. 81.)

Finally, at this early stage of the case, any concerns about presentation of evidence at trial are premature. Plaintiff has not shown his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Accordingly, the Court **DENIES** Plaintiff's motion. (Doc. no. 76.)

### III.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Plaintiff filed a motion to compel discovery, in which he seeks an order directing Defendants to produce documents and respond to interrogatories. (Doc. no. 64.) The filing does not comply with Local Rule 26.5, which requires Plaintiff to make a good faith effort to resolve his discovery dispute with opposing counsel.[3] Plaintiff previously received instructions with requirements for his filings. (See doc. no. 9, pp. 4-5.) As the Court previously explained, failure to comply with the Local Rules may result in summary denial of a motion. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[4] Nevertheless, Plaintiff did not attempt to confer in good faith; instead, his motion merely argues such an effort would be futile. (Doc. no. 64, p. 7.)

---

[3] Local Rule 26.5 provides, in relevant part: "Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion). Moreover, in Defendants Larowe and Prices' response to Plaintiff's motion, Defendants contend they were never properly served with Plaintiff's discovery requests and explained the Rule 37 requirement to confer. (Doc. no. 69.) The failure to confer with Defendants will not be considered a good faith effort to attempt to resolve a dispute. See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases); Curry v. Day, CV 114-173, doc. no. 23, pp. 2-3 (S.D. Ga. Apr. 15, 2015) (applying good faith requirement in prisoner plaintiff case).

Accordingly, the Court **DENIES** Plaintiff's motion, (doc. no. 64), based on the failure to comply with the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (holding that failure to comply with the Local Rules may result in summary denial of a motion). If Plaintiff still believes there are meritorious arguments for a

motion to compel after conferring in good faith with defense counsel, he may refile a motion to compel.

In his motion to compel discovery, Plaintiff also moves the court to impose "severe sanctions" against Defendants Larowe and Price. (Doc. no. 64, pp. 9-10.) Here, he again advances his arguments in favor of compelling discovery and requests the Court impose sanctions against Defendants Larowe and Price "for willful discovery violations" and against Defendants Jones "for *ex parte* extension procurement." (Id.) Defendants Larowe, Price, and Jones responded, arguing Plaintiff's request for Rule 11 sanctions is baseless and procedurally deficient. (Doc. nos. 68, 69.)

Plaintiff made no attempt to follow the appropriate procedures for seeking such sanctions. Under Rule 11, a motion for sanctions must be made separately from any other motion and must not be filed or presented to the Court if the challenged filing is withdrawn or appropriately corrected within twenty-one of service on the opposing party. Fed. R. Civ. P. 11(c)(2). Plaintiff did not follow the proper procedural requirements for filing a Rule 11 motion when he made his filing with the Court without first serving it on Defendants and waiting twenty-one days. (See doc. no. 68, p. 2.) Further, his motion for sanctions was made as part of his motion to compel discovery, rather than as a separate motion as required by Rule 11. (See doc. no. 64, p. 1; see also doc. no. 68, p. 2; doc. no. 69, p. 1.) Notably, this is not the first time the Court has denied sanctions for exactly the same reasons; Plaintiff thus is aware of the proper procedure to move for sanctions. (See doc. no. 59, p. 19.) Accordingly, the Court **DENIES** Plaintiff's motion for sanctions. (Doc. no. 64.)

IV. **CONCLUSION**

6

For the foregoing reasons, the Court **DENIES** as **MOOT** Plaintiff's motion for extension of time to file responses, (doc. no. 74), **DENIES** Defendants Larowe and Price's motion to strike but **GRANTS** the alternative request for an extension of time to file responses to Plaintiff's motion to set aside third-party release, (doc. no. 78), **DENIES** Plaintiff's motion for appointment of counsel, (doc. no. 76), and **DENIES** Plaintiff's motion to compel discovery and motion for sanctions (doc. no. 64).

SO ORDERED this 11th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA