IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE WADDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-174 |
| | ) | |
| DESHAWN JONES, Warden; DR. LEE | ) | |
| LAROWE, Medical Director; and KYLE | ) | |
| PRICE, Physician, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, proceeding *pro se* and *in forma pauperis,* brings this civil action under 42 U.S.C. § 1983 against Defendants Jones, LaRowe, and Price for medical deliberate indifference. For the reasons described below, the Court **REPORTS** and **RECOMMENDS** Defendant Larowe and Price's motion to dismiss and Plaintiff's motion for preliminary injunction be **DENIED**. (Doc. nos. 47, 62.) Additionally, Plaintiff's motion to set aside third-party release or for equitable relief from opt out deadline should be **DENIED** as **MOOT**. (Doc. no. 75.)

## I.    DEFENDANTS LAROWE AND PRICE'S MOTION TO DISMISS

Defendants Larowe and Price filed a motion to dismiss on September 5, 2025. (Doc. no. 62.) In that motion, Defendants "move[d] for entry of an order dismissing all claims against Defendants in this case based on the release of claims pursuant to the Plan confirmed by the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas."

(Id. at 1.)  Their arguments hinged on the following assertion: "Plaintiff did not elect to opt out of the Plan's Third-Party Release.  Therefore, pursuant to the Plan and Confirmation Order, the Plaintiff is now enjoined from pursuing his claims against Defendants."  (Id.)   On December 12, 2025, Defendants filed a Notice of Correction, stating:

> Defendants' Motion to Dismiss was filed and indicated that, upon information and belief, Plaintiff had not opted out of the Third-Party Release . . . .  Upon further investigation, it has come to Defendants' attention that this information was incorrect and based on a clerical error . . . .  Accordingly, to the extent Defendants' Motion to Dismiss relies on the assertion that Plaintiff did not opt out of the Third-Party Release, Defendants withdraw that assertion and will not rely on it.

(Doc. no. 88, p. 1.)  As the substance of Defendants Larowe and Price's motion to dismiss relies on the assertion that Plaintiff did not opt out of the Third-Party Release, and Defendants expressly withdraws that assertion, there are no surviving arguments in Defendant's motion. Accordingly, Defendants' motion to dismiss should be **DENIED**.  (Doc. no. 62.)

Further, as Defendants withdraw the assertion that Plaintiff did not opt out of the Third-Party Release, Plaintiff's motion to set aside Third-Party Release or for equitable relief from opt out deadline is **DENIED** as **MOOT**.  (Doc. no. 75.)

## II.    PLAINTIFF'S "EMERGENCY MOTION TO EXPEDITE PRELIMINARY INJUNCTION AND FOR IMMEDIATE MEDICAL INTERVENTION"

Plaintiff also filed a motion titled "Emergency Motion to Expedite Preliminary Injunction and for Immediate Medical Intervention" in which he alleges prison staff have ignored "spinal specialist referrals" and "Plaintiff faces immediate risk of permanent neurological damage without emergency medical intervention . . . ."  (Doc. no. 47, pp. 1-2.) He further describes a history of medical tests, imaging, ADA accommodations, and "inadequate treatment".  (Id. at 2-5.)  Defendants Larowe and Price argue Plaintiff's motion

for preliminary injunction should be stricken as an impermissible surreply to Defendants Larowe and Price's motion to dismiss, (doc. no. 24), and Plaintiff's motion fails to satisfy the requirements for an injunction.  (Doc. no. 53.)  Likewise, Defendant Jones argues Plaintiff's motion fails to satisfy the requirements for a preliminary injunction.  (Doc. no. 58.)

A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Supplementing the elements listed above, the PLRA places additional restrictions on preliminary injunctions in the prisoner civil rights context.  While the PLRA permits preliminary injunctive relief "to the extent otherwise authorized by law," it requires the relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief."  Id.

Regarding what relief the Court may grant, Plaintiff has not met his burden of persuasion as to all the injunctive requirements, as supplemented by the PLRA requirements.  The Court need not address the first factor, concerning substantial likelihood of success on the merits, because

Plaintiff clearly fails to satisfy the remaining three elements.  Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam).

As to the second element, Plaintiff fails to demonstrate irreparable injury in the absence of an injunction.  In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent."  Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.").

In his motion, Plaintiff discusses his medical history, specific recommendations by his medical providers which the Augusta State Medical Prison staff have not accommodated, and possible harms should his condition go untreated: "Herniated discs can cause permanent nerve damage if left untreated . . . .  Each day of continued delay increases the risk of: Permanent nerve compression and damage[,] Irreversible loss of motor function[,] Chronic pain syndrome[,] Progressive spinal deterioration[, and] Cauda equina syndrome . . . ."  (Doc. no. 47, pp. 2-4.)  However, nowhere does Plaintiff allege any actual, imminent, ongoing threat of injury.  (See generally id.)  In other words, he does not provide any facts indicating he is in immediate danger of these risks, only describing possible medical outcomes if he receives no treatment generally.  Even so, Plaintiff has not established a total failure by prison staff to provide him medical care related to his spinal condition; to the contrary, Plaintiff is housed at Augusta State Medical Prison, and his filing states "Plaintiff was recently evaluated by

4

neurologist Dr. Mendoza, who ordered comprehensive diagnostic testing." (Id. at 2.)  Thus, Plaintiff fails to satisfy the irreparable harm element.

As to the third and fourth elements, Plaintiff also fails to establish the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and the injunction would not be adverse to the public interest.  Plaintiff states "[t]he harm to Plaintiff (potential permanent disability) far outweighs any burden on Defendant (providing constitutionally required medical care)[,]" and "[t]he public interest strongly favors ensuring constitutional medical care for inmates and preventing permanent disability."  (Id. at 6-7.) However, these conclusory allegations do not establish the need for an injunction.  The law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).  Requiring prison officials to immediately comply with Plaintiff's desired medical care plan would be such an unwarranted interference.

Finally, to the extent Plaintiff requests prison officials be ordered to provide adequate medical care, that duty is already in place.  See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  Thus, the request for an order to provide adequate medical care would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" – a duty already in place.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Because failure to satisfy all four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief, Siegel, 234 F.3d at 1176, Plaintiff is not entitled to the relief he seeks. Therefore, his motion seeking immediate medical intervention and accommodation should be **DENIED**.  (Doc. no. 47.)

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Larowe and Price's motion to dismiss and Plaintiff's motion for preliminary injunction be **DENIED**.  (Doc. nos. 47, 62.)  Additionally, Plaintiff's motion to set aside third-party release or for equitable relief from opt out deadline should be **DENIED** as **MOOT**.  (Doc. no. 75.)

SO REPORTED and RECOMMENDED this 12th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA