IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE WADDELL,<br><br>Plaintiff,<br><br>v.<br><br>DESHAWN JONES, Warden; DR. LEE LAROWE, Medical Director; and KYLE PRICE, Physician,<br><br>Defendants. | ) | CV 124-174 |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed by Plaintiff and Defendants LaRowe and Price. (Doc. nos. 131, 134, 135.) The Magistrate Judge recommended that Defendants LaRowe and Price's Motion for Summary Judgment be dismissed as moot with leave to refile, that Plaintiff's Motion for Leave to file Sur Reply be dismissed as moot, and that Defendant Jones's Motion for Summary Judgment be granted. (Doc. no. 129, p. 21.)

## I. Plaintiff's Objections

As an initial matter, Plaintiff objects to the Report and Recommendation's determination that Defendant Jones's motion for summary judgment should be granted. (See doc. no. 134.) Specifically, Plaintiff again argues that the Court should have found in his favor based on the existence of two exhibits referencing Defendant Jones's statement that he did not

want Plaintiff moved in March of 2025. (Id. at 3.) Those arguments were unavailing when they were first made and addressed in the Report and Recommendation, (doc. no. 129, pp. 15-20), and remain so. Plaintiff has proffered no new argument which would support overturning the Magistrate Judge's determination.

Plaintiffs alternative request, that the Court hold Defendant Jones's Motion for Summary Judgment in abeyance pending additional discovery under Fed. R. Civ. P. 56(d), also fails. (Doc. no. 134, pp. 6-7.) Plaintiff argues that the reopened discovery against Defendants LaRowe and Price, coupled with his request to amend his complaint to bring retaliation claims against Defendant Jones, justifies this course of action. (Id.) As an initial matter, the Court reopened discovery as to Defendants LaRowe and Price based on their failure to respond to Defendant's discovery requests. (Doc. no. 129, p. 10 ("The Court concludes reopening discovery as to Defendants LaRowe and Price is warranted.")) It did not reopen, and Plaintiff did not seek, additional discovery from Defendant Jones. Thus, any additional discovery is not grounds to overturn the Report and Recommendation as to Defendant Jones.

Likewise, Federal R. Civ. P. 56(c) is not a basis for overturning the Report and Recommendation. That rule allows an extension of discovery while a motion for summary judgment is pending if a party shows "by affidavit or declaration that, for specified reasons, it cannot present facts as required by Rule 56(c)." Fed. R. Civ. P. 56(d). Plaintiff has not complied with these requirements. Plaintiff's request is not supported by affidavit or declaration, and it does not provide any "specific reasons," connecting the new material he seeks to the opposition of the summary judgment motion. Nor do any purported additional claims contained in an amendment justify continuing the case against Defendant Jones, as the Court has denied Plaintiff's motion to amend. (Doc. no. 139.)

## II. Defendants LaRowe and Price's Objections

For their part, Defendants LaRowe and Price have objected to the Report and Recommendation arguing that the Court should amend it to "reflect the . . . Defendants' reasonable reliance on their dispositive motions having properly set forth their defenses responsive to Plaintiff's Complaint; that the Medical Defendants have not waived any affirmative defenses; to grant leave to contemporaneously file Answers; and that the Medical Defendants' Motion for Summary Judgment is deferred pending the reopening and completion of discovery. (Doc. no. 131, pp. 5-6; doc. no. 135, pp. 5-6.) As an initial matter, the Report and Recommendation makes no determination as to whether these Plaintiffs waived any affirmative defenses by failing to file a timely answer, nor does it suggest that Defendants LaRowe and Price could not rely on their Motion for Summary Judgment to avoid waiver. Instead, it noted that it was "unclear what the consequences of this failure to answer are considering the procedural history." (Doc. no. 129, p. 6.) It then directed Defendants LaRowe and Price to file a brief detailing whether they had waived any affirmative defenses which should have otherwise been raised in an answer and giving Plaintiff the opportunity to respond. (Id. at 7.) Given this uncertainty, the Report and Recommendation determined that Plaintiffs LaRowe and Price's summary judgment motion should be dismissed as moot with leave to refile. (Id. at 6-7.) The Magistrate Judge also reopened discovery as to defendants LaRowe and Price until October 6, 2026, (id. at 11), an action to which these Defendants do not object (doc. no. 135, p. 10).

As the Report and Recommendation makes no determination regarding whether Plaintiffs LaRowe and Price waived any affirmative defenses by failing to file an Answer, there is no reason to decline to adopt it. The Court will, instead, take up that issue when it

rules on the newly filed motions for leave to file answers. (Doc. nos. 13, 136.) Moreover, the Report and Recommendation, while it does recommend dismissing Defendants LaRowe and Price's Motion for Summary Judgment as moot, explicitly left open the opportunity for Plaintiffs LaRowe and Price to file a renewed motion. (Doc. no. 129, p. 21.) Accordingly, the Court sees no reason to alter the Magistrate Judge's Report and Recommendation. Nevertheless, the Court will impose the following deadline: any renewed motions for summary judgment which the remaining parties wish to file must be filed no later than **Friday, November 5, 2026**.

## III. Conclusion

Accordingly, the Court **OVERRULES** the parties' objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES AS MOOT** Defendants LaRowe and Price's Motion for Summary Judgment with leave to refile, (doc. no. 100), **DISMISSES AS MOOT** Plaintiff's Motion for Leave to File Sur Reply, (doc. no. 121), and **GRANTS** Defendant Jones's Motion for Summary Judgment (doc. no. 98.) The remaining parties are **DIRECTED** to file any Motion for Summary Judgment no later than **Friday, November 5, 2026**.

SO ORDERED this 15th day of September, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA