**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 30 2026

FILED

TERRANCE WADDELL, *
*
Plaintiff, *
*
v. * CV 124-174
*
DR. LEE LAROWE and KYLE PRICE, *
*
Defendants. *

**O R D E R**

Before the Court are Defendants Larowe and Price's motion for leave to file answers (docs. 136), Plaintiff's request to strike the newly asserted exhaustion defense (doc. 141, at 2), Plaintiff's Motion for a Scheduling Order (doc. 142), and Defendants' motion for an extension of time (doc. 146). For the following reasons, the motion for leave to file answers is **GRANTED.**[1] (Docs. 136.) Defendants are **DIRECTED** to file signed answers within **seven days** of the date of this Order. Plaintiff's request to strike the newly asserted exhaustion defense is **GRANTED.** (Doc. 141, at 2.)

[1] Because Defendants have filed an Amended Motion for Leave to File Answer (doc 136), their initial motion for leave to file is **MOOT** (doc. 132). The Court further notes that Defendants LaRowe and Price's Amended Motion for Leave to File Answer was signed by Krysta Grymes in addition to Mr. Antonio Veal. (Doc. 136, at 5.) Ms. Grymes has not entered an appearance in this case. While her name appears on the signature block on Defendants' motion (id.), that is not sufficient, under the Court's Local Rules, to constitute an appearance. See L.R. 1B(d).

Defendants' motion for an extension of time is **GRANTED**.[2] (Docs. 146.) Plaintiff's motion for a scheduling order is **DENIED**. (Doc. 142.) Defendants' response to Plaintiff's discovery is due by November 6, 2026, and renewed summary judgment motions are due by December 14, 2026.

## I. PROCEDURAL BACKGROUND

Plaintiff, currently incarcerated at August State Medical Prison in Grovetown, Georgia, filed this case pursuant to 42 U.S.C. § 1983 bringing complaints for medical deliberate indifference. (Doc. 1.) Because Plaintiff was proceeding *pro se*, the Court screened his complaint and dismissed his official capacity claims for monetary damages against defendants. (Docs. 9, 10, 13.) Defendant Jones answered the complaint on May 5, 2025. (Doc. 27.) Instead of answering, Defendants LaRowe and Price filed a Motion to Dismiss. (Doc. 24.) The magistrate judge recommended the Motion to Dismiss be denied on August 18, 2025. (Doc. 59.) The undersigned adopted that recommendation on September 22, 2025. (Doc. 63.)

Before the recommendation was adopted, Defendants LaRowe and Price filed a second Motion to Dismiss because of a pending bankruptcy. (Doc. 62.) The magistrate judge recommended the

[2] Because Defendants have filed an Amended Motion for Extension of Time to Respond to Discovery (doc. 146) their initial motion for an extension of time is **MOOT** (doc. 145).

second motion to dismiss be denied on January 12, 2026 (doc. 91), and the undersigned adopted that recommendation on February 5, 2026 (doc. 104). Although the second motion to dismiss was denied, Defendants LaRowe and Price never answered Plaintiff's complaint. They did, however, file a Motion for Summary Judgment two days before the Court adopted the report and recommendation denying the second motion to dismiss. (Docs. 100, 101.) Defendant Jones also filed a Motion for Summary Judgment. (Doc. 98.)

On August 10, 2026, the magistrate judge entered a Report and Recommendation which recommended granting Defendant Jones' Motion for Summary Judgment and dismissing Defendants Larowe and Price's Motion for Summary Judgment with leave to refile. (Doc. 129.) The Report and Recommendation directed Defendants Larowe and Price to file a brief detailing the consequences of their failure to answer the complaint timely, including whether they had waived any affirmative defenses which should otherwise have been raised by answer. (Id.) The Report and Recommendation was adopted on September 15, 2026. (Doc. 143.) Defendants LaRowe and Price provided explanations for their failure to answer in their objections to the report and recommendation (doc. 135), and also filed the instant motion for leave to file answers (doc. 136).

**II. DEFENDANTS' MOTION TO FILE OUT OF TIME ANSWERS**

Pursuant to Rule 6(b)(1)(B), a court "may, for good cause," grant an extension of time "upon [a] motion made after the

expiration of the specified period," in this case Rule 12, if "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[3] Courts consider four factors when determining whether excusable neglect exists: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685-86 (11th Cir. 2013) (*per curiam*) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." James River Ins. Co., v. R.I.C., Inc., et al., No. 25-11139, 2026 WL 2546661,

[3] The Eleventh Circuit has been explicit that a default is only appropriate where a party fails to "otherwise defend," which "refer[s] to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949); see also, Abdullah v. City of Jacksonville, 242 F. App'x 661, 663 (11th Cir. 2007) (noting that plaintiff "was not entitled to a default judgment because, although the defendants did not file an answer to his amended complaint, they filed a motion to dismiss and a motion for summary judgment, setting forth all their affirmative defenses and submitting evidence in support of their defenses."). Defendants timely filed multiple motions to dismiss in this case. Likewise, they have appeared via counsel and have participated in discovery and motions practice. Therefore, the Court does not conduct the good cause analysis in Rule 55.

at *3 (11th Cir. Aug. 28, 2026) (citing Advanced Estimating Sys. V. Riney, 77 F.3d 1322, 1325, 1325 (11th Cir. 1996)).

While Defendants do not specifically address these four factors, they argue they have actively participated in discovery and motions, their defenses and positions are clear from the record, and Plaintiff will not suffer prejudice from a late filing. (Doc. 136, at 4.) Plaintiff objects, arguing Defendants have not shown excusable neglect. (Doc. 141.) In the alternative, Plaintiff requests if the Court allows the filing of the answers, Defendants should be precluded from raising the affirmative defense of failure to exhaust administrative remedies. (Id.)

**A. Prejudice**

Defendants argue Plaintiff will not suffer any prejudice from the filing of the belated answers because all defenses were raised either in their two motions to dismiss or within their motion for summary judgment. (Doc. 131, at 9.) Thus, they suggest they have complied with their obligations under Fed. R. Civ. P. 8(c). To the extent there are no additional defenses raised in the proposed answer varying from those arguments Defendants raised in their three dispositive motions, this position is correct. It is unlikely the Plaintiff would suffer prejudice by a late-filed answer because, as Defendants note, Plaintiff would have been aware of Defendant's defenses. See Bergquist v. Fid. Info. Servs., Inc., 197 F. App'x 813, 815 (11th Cir. 2006) (*per curiam*) ("the purpose

of Rule 8(c)— [is] 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate.'").

Plaintiff argues that the late filed defense includes a failure to exhaust claim and that allowing Defendants to raise it now would constitute prejudice. However, the inquiry when dealing with prejudice "is whether prejudice results from the *delay*, not from having to continue to litigate the case." Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) (alteration in original) (citing Walter v. Blue Cross & Blue Shield United of Wisc., 181 F.3d 1198, 1202 (11th Cir. 1999). The delayed filing of answers has not precluded Plaintiff from litigating this case and successfully responding to Defendants' motions. Moreover, any prejudice Plaintiff may suffer as a result of later-filed answers which include an exhaustion defense is eliminated by Plaintiff's successful request to strike that defense. See infra p. 9. This factor, therefore, militates in favor of allowing the filing of answers.

**B. Length of the Delay and Its Potential Impact on Judicial Proceedings**

This case has grown long in the tooth, but largely because of timely motions practice. However, while the Court has dismissed all but the two remaining Defendants, discovery as to those two Defendants remains ongoing due to discovery disputes. And nothing

in Defendants' proposed answers appear poised to reopen or alter the discovery proceedings. Thus, allowing Defendants to file answers is unlikely to affect the current judicial proceedings. Accordingly, this factor favors allowing amendment.

**C. The Reason for Delay**

Pioneer explains

> [a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under [Federal Rule of Civil Procedure] Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

507 U.S. at 392 (internal footnotes omitted). "The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. at 388; see also Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 63, 66 (2d Cir. 1998) ("[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2) [, now Rule(b)(1)(B)];" (citing Pioneer, 507 U.S. at 391-92)).

Defendants argue they reasonably believed the filing of their motions to dismiss and motions for summary judgment stayed any obligation they would have to file an answer. (Doc. 135, at 9.) They also assert they did not waive their Rule 12(b) contentions because they were included in their motions to dismiss and motion for summary judgment. (Id.) Defendants do not provide any

argument as to why they believed a summary judgment motion would delay their obligations to file an answer under the federal rules. However, the Court does note Defendants' second motion to dismiss was pending at the time the motion for summary judgment was filed (although the Magistrate Judge had already recommended dismissing it). (See docs. 62, 91, 100, 104.)

While there is little to support the position Defendants have taken regarding their belief the motion for summary judgment stayed their obligations to answer (see doc. 135, at 6-7), the Court accepts the parties did in fact believe it.[4] Moreover, no party in this case raised the absence of Defendants' answers until the Court raised it *sua sponte*. And once the Court raised the issue, Defendants timely responded to the Court's Order they detail why the answers were not filed and what the consequences of that failure are. It appears therefore, the failure to file was of the kind Pioneer envisaged, i.e.: Defendants simply inadvertently

---

[4] Defendants cite several cases regarding waiver of defenses and the purpose of Rule 8(c). (See e.g., doc. 135, at 6-9). However, the issue with these cases is, as Defendants recognize, that Defendants "did not file an answer in the first place." (Doc. 135, at 8.) Nevertheless, the Court acknowledges that generally speaking, the purpose of Fed. R. Civ. P. 8(c) is to "guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate." Bergquist, 197 F. App'x at 815.

failed to file an answer. This factor also weighs in favor of allowing the filing of late answers.

**D. Good Faith**

There is nothing in the record which would suggest Defendants intentionally failed to file their answers. As the Court noted above, Defendants moved swiftly upon being notified of their failure to file proposed answers. They filed both explanations for their failure as well as motions seeking leave to file late. (Docs. 135, 136.) Additionally, the case has not been neglected. Defendants have engaged in discovery, and indeed have continued to engage in discovery. (See doc. 146 (seeking extensions of time to complete discovery).) Defendants have filed multiple motions and have generally pushed the case forward as this Court requires. Accordingly, the Court concludes this factor weighs in Defendants' favor.

**E. Defendants May File an Answer**

Having considered the four-factor test set out in Ashmore and Pioneer, the Court concludes it weighs in favor of allowing Defendants to file late answers. Accordingly, the Motion for Leave to File is **GRANTED**. (Doc. 136.)

**III. PLAINTIFF'S ALTERNATIVE REQUEST TO STRIKE**

Plaintiff points out the proposed amended answers include the defense of failure to exhaust administrative remedies. (Doc. 141, at 2; see also doc. 136-1, at 2; doc. 136-2, at 2.) He states

that if leave to amend is granted, "Plaintiff requests that the Court strike the newly asserted exhaustion defense." (Doc. 141, at 2.) Defendants did not respond to this request. Plaintiff argues that Defendants have not previously raised this defense, either in their two motions to dismiss, or in their summary judgment motion. (Id.) Plaintiff is correct.

Defendants' initial motion to dismiss, filed April 7, 2025, argued Plaintiff had abused the judicial process, failed to state a cognizable claim against Defendants, was a shotgun pleading, and Plaintiff was not entitled to punitive damages. (Doc. 24.) The word "exhaust," let alone an argument that Plaintiff failed to exhaust his administrative remedies, appears nowhere in the document. (Id.) Defendants did, however, detail the grievance procedure through which Defendant did go. (See doc. 24-1, at 3-4.) Defendants' second motion to dismiss, filed on September 5, 2025, argued the complaint should be dismissed because of a release of claims in a plan confirmed by the United States Bankruptcy Court for the Southern District of Texas. (Doc. 62.) Defendants' February 2, 2026 Motion for Summary Judgment is similarly bereft of an argument that Plaintiff's complaint had been filed before he exhausted his administrative remedies. (Doc. 100.)

The Eleventh Circuit has determined:

> [t]he defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. See Jones v. Bock, 549 U.S.

> 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir.2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue."); id. (citing cases).

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008). And the Eleventh Circuit has also held it is possible for a defendant to waive the affirmative defense of failure to exhaust administrative remedies. See Brooks v. Warden, 706 F. App'x 965, 968 (11th Cir. 2017) ("We conclude that under Federal Rule of Civil Procedure 12(g)(2), a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise, the defense is forfeited and cannot be raised in a later motion under Rule 12."); see also Dixon v. Jones, Case No. 4:23-cv-24-CDL-AGH, 2025 WL 4056841, at *4 (M.D. Ga. Dec. 15, 2025) ("[Defendant] waived an exhaustion defense by not raising it in her first responsive pleading."). Thus, it is not the absence of the answers themselves which dooms this affirmative defense. It was Defendants' failure to raise it in their first responsive pleading which, in this case, was the April 7, 2025 Motion to Dismiss. (Doc. 24.) Accordingly, Plaintiff's request to strike this defense is **GRANTED**.

## IV. SCHEDULING MOTIONS

Defendants have moved for an extension of time to respond to discovery (docs. 146), and Plaintiff has moved for a scheduling order governing renewed motions for summary judgment (doc. 142).

### A. Defendants' Motion for Extension of Time.

Defendants assert they seek additional time to review and respond to Plaintiff's discovery requests. (Doc. 146, at 2.) Upon consideration, the motion for extension of time to respond to discovery is **GRANTED**. (Doc. 146.) Defendants have until November 6, 2026, to respond to Plaintiff's discovery requests.

However, this new discovery response deadline is after the deadline for the filing of motions for summary judgment. To give Plaintiff an opportunity to review the discovery responses, the Court similarly extends the deadline for renewed motions for summary judgment, which was previously set for November 5, 2026. (See doc. 143.) Accordingly, the parties are **DIRECTED** to file any renewed Motion for Summary Judgment no later than Monday, **December 14, 2026.**

### B. Plaintiff's Motion for Scheduling Order

Plaintiff has filed a motion for a scheduling order governing the renewed motions for summary judgment. (Doc. 142.) In addition to requesting the Court set a deadline for renewed motions, Plaintiff asks the Court to restrict Defendants to bringing only arguments which were discovered during the newly extended

discovery period. (Doc. 142, at 3.) Plaintiff also requests that the Court deem incorporated into any response he files to the renewed summary judgment motions, the responses he filed to Defendants' initial motion for summary judgment. (Id.) He argues it would be burdensome for him to reproduce those materials given his incarcerated status. (Id. at 3-4.) Plaintiff, however, points to no legal authority in support of these requests.

The Court has already set a deadline for renewed summary judgment motions so no further scheduling order is necessary. Moreover, the Court sees no reason to impose Plaintiff's suggested restrictions on the contents of Defendants' summary judgment motion as when it dismissed Defendants' initial motion for summary judgment, the Court did so granting leave to refile. (Doc. 143, at 4.) As to burdensomeness, if Plaintiff requires additional time to prepare his response to any renewed motion for summary judgment, he may file a motion for an extension of time to respond. Plaintiff's motion for a scheduling order is **DENIED**. (Doc. 142.)

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for leave to file answers is **GRANTED**.[5] (Doc. 136.) Defendants are **DIRECTED** to file signed answers within **seven days** of the date of this Order.

---

[5] Because Defendants have filed an Amended Motion for Leave to File Answer (doc 136), their initial motion for leave to file is **MOOT** (doc. 132).

Plaintiff's request to strike the newly asserted exhaustion defense is **GRANTED.** (Doc. 141, at 2.) Defendants' motion for an extension of time is **GRANTED.**[6] (Docs. 146.) Plaintiff's motion for a scheduling order is **DENIED.** (Doc. 142.) Defendants' response to Plaintiff's discovery is due by November 6, 2026, and renewed summary judgment motions are due by December 14, 2026.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

[6] Because Defendants have filed an Amended Motion for Extension of Time to Respond to Discovery (doc. 146) their initial motion for an extension of time is **MOOT** (doc. 145).